UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. HUTCHESON,

        Plaintiff,                               Case Number 13-10720
                                                   Honorable David M. Lawson
v.                                                  Magistrate Judge R. Steven Whalen

DELTA FINANCIAL CREDIT UNION,
JUDITH A. FULLERTON, and
GENESEE COUNTY CORPORATION,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR JUDGMENT, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, AND DISMISSING COMPLAINT WITH PREJUDICE**

Magistrate Judge Whalen filed reports on January 9, 2014 and January 15, 2014 recommending that the defendants' motions to dismiss be granted, and a report on January 15, 2014 recommending that the plaintiff's motion for declaratory judgment be denied. The plaintiff filed timely objections to the reports and the defendants have filed responses to the objections. Subsequently, the plaintiff also filed a motion for leave to file an amended complaint. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order

to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the record in light of the parties' submissions.

I.

Plaintiff David K. Hutcheson, a prison inmate currently residing at the State of Michigan's Harrison Correctional Facility in Adrian, Michigan, filed his *pro se* complaint in this matter on February 20, 2013. The complaint alleges that Judith A. Fullerton, a judge of the Genesee County, Michigan circuit court, and the County itself, violated Hutcheson's constitutional rights to due process under the Fifth and Fourteenth Amendments by issuing an order for the seizure of funds in an account held in his name at defendant Delta Financial Credit Union (DFCU), allegedly without notice or an opportunity for the plaintiff to respond. The complaint also alleges that defendant DFCU is liable to the plaintiff for conversion and the breach of unspecific contractual obligations,

because it surrendered the funds to the State without providing any notice to the plaintiff of its intent to do so or any opportunity for him to withdraw the funds prior to the surrender.

The order for seizure of funds was issued at the conclusion of proceedings before Judge Fullerton on a complaint filed by the Michigan Attorney General seeking reimbursement for expenses incurred by the Department of Corrections in housing the plaintiff. The complaint and order were based on Michigan's State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.404. That law permits the State to take assets of a Michigan prisoner for reimbursement for "expenses incurred . . . by the state for the cost of care of the person as a prisoner." Mich. Comp. Laws § 800.404(1). The plaintiff filed a motion to dismiss, which the State opposed. Judge Fullerton held a hearing on the motion and denied it. Subsequently, Judge Fullerton entered an order directing that 90% of the defendant's assets — including funds in the defendant's accounts held by defendant DFCU — be paid to the State for the purpose of reimbursement. The parties do not dispute that the funds were paid to the State by DFCU, as directed under Judge Fullerton's order.

II.

A. Plaintiff's Objections

In his reports, the magistrate judge recommended that the complaint be dismissed because it fails to state any plausible claim for relief against any of the defendants. The plaintiff's objections do not challenge the substance of the magistrate judge's factual findings or his conclusions of law on that point. Instead, the defendant (1) reasserts his claims raised in the complaint and earlier filings that he was denied due process during the state proceeding; (2) contends that dismissal is inappropriate at this stage of the proceedings because discovery is not complete; and (3) suggests

that the magistrate judge exceeded the scope of his authority in issuing his reports recommending dismissal of the complaint and denial of the plaintiff's motion for declaratory judgment. These objections are without merit and fail to establish — or even suggest — that the magistrate judge made any error of fact or law in reaching the findings and conclusions of his reports. The Court has reviewed the findings and conclusions of the magistrate judge, finds that they are correct, and therefore will adopt them. The plaintiff's objections will be overruled.

First, for the reasons discussed below in relation to the plaintiff's motion for leave to amend, the plaintiff's claims based on alleged due process violations during the state court proceedings cannot proceed because (1) defendant Fullerton is entitled to absolute immunity against those claims; (2) the complaint contains no substantive allegations against defendant Genesee County that could support any plausible claim for relief; and (3) the facts pleaded in the complaint affirmatively establish that the plaintiff has no plausible claim against defendant DFCU.

Second, for the same reasons, the Court finds that no amount of discovery could lead to the disclosure of any facts on which the plaintiff could base any plausible claims against these defendants. The claims in the original complaint are subject to dismissal as a matter of law, and further factual development of the premises of the complaint would not alter that outcome.

Finally, as the defendants point out in their responses, the plaintiff did not object to the magistrate judge's handling of pretrial matters at any earlier stage of the proceedings, and the magistrate judge's authority to issue reports and recommendations on the dispositive motions filed by the parties is established by this Court's order of reference [dkt. #8]. That order was entered under the authority of 28 U.S.C. § 636, which provides that "a judge may . . . designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and

recommendations for the disposition, by a judge of the court, of any motion [for judgment on the pleadings or to dismiss for failure to state a claim]." 28 U.S.C. § 636(b)(1).

### B. Motion for Leave to Amend

As an initial matter, the plaintiff's motion to amend does not suggest any way in which he would amend the pleadings in order to cure the defects identified in the defendants' motions to dismiss. The local rules of this Court require that "[a] party who moves to amend a pleading [must] attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. The plaintiff did not attach any proposed amended pleading to his motion, and his motion does not disclose the substance of any proposed amendments. However, even if the plaintiff had filed his motion in the proper form, it is apparent from the papers already filed that any proposed amendment would be futile and could not survive a motion to dismiss. The Court therefore will deny the motion to amend.

Motions to amend before trial are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," the court may deny a motion for leave to amend when the proposed amendment would be futile. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). If the court concludes that an amended pleading could not withstand a motion to dismiss, then it may deny leave to amend and save the parties and the court the expense of confronting a claim doomed to fail at the outset. *Head*, 870 F.2d at 1123 (quoting *Martin*, 801 F.2d at 248). "[A] civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To the extent that the complaint seeks to recover an award of money damages against defendant Fullerton, a state court judge, the plaintiff's claims are subject to dismissal on the ground of absolute judicial immunity. "[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. Judicial immunity only will be overcome where the alleged conduct consists of (1) "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in the complete absence of jurisdiction." *Id.* at 11-12. "The Supreme Court has endorsed a functional approach in determining whether an official is entitled to absolute immunity." *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citation and quotation marks omitted). "Whether an action is judicial depends on the nature and function of the act, not the act itself." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007). The acts of denying the plaintiff's motion to dismiss and ordering the seizure of funds in response to the State of Michigan's complaint for reimbursement under SCFRA unquestionably were judicial acts for which Judge Fullerton is entitled to absolute immunity.

In addition, as the magistrate judge properly concluded, none of the claims that the plaintiff's complaint could be construed as raising against either Judge Fullerton or the County are permitted to proceed in this Court, because the gravamen of the complaint is a request for appellate review of alleged constitutional defects in the state court's order for DFCU to surrender funds subject to recovery under SCFRA. The *Rooker-Feldman* doctrine, named after the decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising

"appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings." *Exec. Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted). The doctrine stands for the proposition that "the lower federal courts do not have jurisdiction 'over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."'" *Raymond v. Moyer*, 501 F.3d 548, 550-51 (6th Cir. 2007) (quoting *Lance v. Dennis*, 546 U.S. 549, 460 (2006), and *Exxon Mobil*, 544 U.S. at 284). The *Rooker-Feldman* doctrine is premised on the notion that only the Supreme Court has jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257.

> The *Rooker-Feldman* doctrine, . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp.*, 544 U.S. at 284. The plaintiff complains that the state court's order was procedurally and constitutionally unsound and asks the Court essentially to vacate it. That is exactly the sort of appellate review of a state court judgment that federal courts are barred from engaging in under *Rooker-Feldman*. This defect cannot be cured by any amendment of the pleadings, because there is no set of facts on which the plaintiff could proceed on his claims in this Court.

Moreover, as the magistrate judge observed, the complaint fails to state any valid claims against the County of Genesee, because it contains no substantive allegations other than an assertion that the County "employed" Judge Fullerton. The magistrate judge correctly concluded that the complaint therefore states no plausible claim for relief based on any wrongdoing by the County.

Moreover, the allegations of an employment relationship are misbegotten as a matter of law, because under the constitution and laws of the State of Michigan, the circuit courts are entities of the state's "one court of justice" and not of any one county, regardless of whether the county bears the administrative or financial burdens of paying judges' salaries or providing facilities for operation of a particular circuit court. Mich. Const. 1963, art. 6, § 1; *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 190 N.W.2d 219 (1971); *Ottawa County Employees Ass'n v. Ottawa County Gen. Employees*, 130 Mich. App. 704, 344 N.W.2d 336 (1983).

However, even if the plaintiff had named as a defendant the entity that does employ Judge Fullerton, any claims against the court would be subject to dismissal because the circuit court, as an arm of the State of Michigan, is entitled to sovereign immunity under the Eleventh Amendment. Trial courts in Michigan qualify as "arms of the state" and therefore are entitled to sovereign immunity, and this immunity from suit extends with equal force to the state's circuit courts, which are part of the same unified judicial system. *See Pucci v. Nineteenth District Court*, 628 F.3d 752, 762 (6th Cir. 2010) ("The Michigan Supreme Court has repeatedly affirmed the unitary nature of the state's judicial power and the Michigan Supreme Court's exclusive role as supervisor and administrator of all of the subunits of that 'one court' system."); *Olsen v. County of Muskegon*, No. 233258, 2002 WL 31934158, at *2 (Mich. Ct. App. Nov. 19, 2002) (holding that "a circuit court judge[] is a state official") (citing Mich. Const. 1963, art 6, §§ 1, 11; Mich. Comp. Laws § 600.515; *Judges of the 74th Judicial Dist.*, 385 Mich. at 723; 190 N.W.2d at 224). Because the only conceivable defendant that could take the place of the County in any amended pleading would have absolute immunity from suit on the claims raised by the plaintiff, any proposed amendment to realign or substitute parties would be futile.

Finally, as the magistrate judge observed in his report, the pleadings do not point to any contractual provision on which the plaintiff's claim for breach of contract against DFCU could be based, and the plaintiff's motion to amend suggests no facts that could establish the existence of any contract or any specific provision that was breached by DFCU's surrender of funds pursuant to the order of a state court. And as the magistrate judge noted, to the extent that the complaint may be construed as raising a claim for conversion, it also pleads facts that affirmatively defeat that claim. The plaintiff contends that the surrender of funds was made under the authority of a court order, and under Michigan law "liability for conversion does not arise . . . if the actor is privileged to dispose of the chattel." *Thomas v. Tracy Motor Sales, Inc.*, 360 Mich. 434, 438, 104 N.W.2d 360, 362 (1960); *Rohe Scientific Corp. v. National Bank of Detroit*, 133 Mich. App. 462, 468, 350 N.W. 2d 280, 282(1984). No set of facts consistent with the premises of the plaintiff's original complaint could allow him to proceed on his claims for breach of contract or conversion.

### III.

After a *de novo* review of the pleadings and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the record and applied the correct law in reaching his conclusions. The Court has considered all of the defendant's objections to the magistrate judge's reports and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #40] is **ADOPTED**. The motion to dismiss filed by defendants Judith A. Fullerton and Genesee County [dkt. #18] is **GRANTED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt. #41] is **ADOPTED**. The motion to dismiss filed by defendant Delta Financial Credit Union [dkt. #28] is **GRANTED**.

It is further **ORDERED** that the magistrate judge's report and recommendation [dkt. #42] is **ADOPTED**. The plaintiff's motion for declaratory judgment [dkt. #21] is **DENIED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #43, 44] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for leave to file an amended complaint [dkt. #45] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: March 7, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2014.

        s/Shawntel Jackson  
        SHAWNTEL JACKSON